# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN OLIVIA HART, *et al.*, | No. 4:21-CV-00859 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY *d/b/a Geico*, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 29, 2022

**I.    BACKGROUND**

In 2021, Susan Olivia Hart, on behalf of herself on all similarly situated employees, commenced this civil action against Government Employees Insurance Company ("GEICO") alleging violation of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law.[1]

Hart alleges that during the relevant period—from May 2018 through the date of the complaint—she was employed by GEICO as a Region 1 Adjuster working in the State College, Pennsylvania area.[2] During the relevant period, GEICO paid its Region 1 Adjusters for 7.75 hours of work per day, based on an eight-and-one-half-

---

[1]  Doc. 1.
[2]  *Id.* ¶¶ 10-11.

hour workday, with forty-five minutes deducted for an unpaid lunch break.[3] Despite this schedule, Hart typically worked from 8 a.m. until 5:30 to 6:30 p.m. without taking a meal break.[4] Hart and similarly situated employees were directed by GEICO to enter only 7.75 hours of work per day to avoid overtime pay.[5]

GEICO allegedly implemented "company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences" to pressure Region 1 Adjusters to enter only 7.75 hours of work per day, even if the adjuster worked in excess of 7.75 hours.[6] GEICO instructed its supervisors to inform "Region 1 Adjusters that 7.75 hours [of work] per day was sufficient if" the adjusters "were working hard and doing their job" and thereby reinforced the notion that it was better for an adjuster's career not to report any excess hours worked.[7]

During the relevant period GEICO allegedly had actual knowledge through "employee complaints, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate" and that Hart and other Region 1 Adjusters typically worked through their unpaid lunch period and worked in excess of forty

---

[3]   *Id.* ¶¶ 14-15.
[4]   *Id.* ¶¶ 12-13.
[5]   *Id.* ¶ 15.
[6]   *Id.* ¶ 16.
[7]   *Id.* ¶ 17.

hours per week.[8] GEICO nevertheless permitted the adjusters to work in excess of forty hours per week without paying those adjusters proper compensation.[9]

After GEICO filed an answer to the complaint, in July 2021, Hart file a motion to conditionally certify an FLSA class.[10] Briefing on the motion was completed on August 24, 2021,[11] and this Court granted Hart's motion on February 10, 2022.[12] The Court permitted potential class members to opt-in to the class on or before May 27, 2022.[13]

Shortly thereafter, Hart filed a motion for equitable tolling of the statute of limitations.[14] Hart seeks equitable tolling for all class members for the time between the filing of her motion to conditionally certify the class and the deadline for potential class members to opt-in to the class.[15] Hart contends that her motion should be granted because the delay in ruling on her motion for conditional certification has harmed class members by depriving them of more than one-quarter of the limitations period, occurred through no fault of their own, and was not caused by any lack of diligence on their part, and because GEICO would not be prejudiced by equitable tolling.[16]

---

[8]    *Id.* ¶ 18. *See id.* ¶ 19.
[9]    *Id.* ¶¶ 19-24.
[10]   Doc. 16.
[11]   Docs. 22, 26.
[12]   Docs. 34, 35.
[13]   Doc. 35 ¶ 6.
[14]   Doc. 36.
[15]   *Id.*
[16]   Doc. 37.

GEICO responds that the motion should be denied for three reasons.[17] First, GEICO asserts that Hart lacks standing to pursue this motion on behalf of other class members, as members of an FLSA collective action are individuals, not a class.[18] Second, GEICO argues that the FLSA statute itself prohibits equitable tolling.[19] Third, GEICO contends that, even if Hart's motion is appropriately before the Court, equitable tolling is not warranted because there is no evidence that the opt-in plaintiffs diligently pursued their claims, and because the delay in ruling on Hart's motion for class certification does not constitute an extraordinary circumstance.[20] Hart has filed a reply brief, and the motion is now ripe for disposition.[21] For the following reasons, Hart's motion for equitable tolling will be granted.

## II.   DISCUSSION

### A.   Whether Hart has Standing to Pursue Equitable Tolling

First, GEICO argues that Hart lacks standing to pursue equitable tolling for other members of the class, as the other potential class members are not parties to the case and rendering a decision on equitable tolling would amount to issuing an advisory opinion.[22] As the United States Supreme Court has noted, "[u]nder the FLSA . . . 'conditional certification' does not produce a class with an independent

---

[17]   Doc. 40.
[18]   *Id.* at 2.
[19]   *Id.* at 2-3.
[20]   *Id.* at 3-8.
[21]   Doc. 43.
[22]   Doc. 40 at 2.

4

legal status, or join additional parties to the action," rather, those individuals "become parties to a collective action only by filing written consent with the court."[23] In the time since Hart filed this motion, however, the deadline for individuals to opt-in to the action has passed, and all potential members have filed written consent with the Court to join this action. Consequently, those individuals are parties to this action, and the Court may rule on a motion for equitable tolling without rendering an impermissible advisory opinion.

### B. Whether the FLSA Prohibits Equitable Tolling

GEICO next argues that the language of the FLSA's limitations period prohibits equitable tolling, as it specifically states that "every [FLSA] action shall be forever barred" if not brought within the limitations period.[24] The Supreme Court has often reiterated that "[i]t is hornbook law that limitations periods are customarily subject to 'equitable tolling,' unless tolling would be inconsistent with the text of the relevant statute."[25] Accordingly, "Congress must be presumed to draft limitations periods in light of this background principle."[26] This background principle creates "a rebuttable presumption in *favor* of equitable tolling"[27] and, although the presumption is rebuttable, the presumption nevertheless remains a "strong" one.[28]

---

[23] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).
[24] Doc. 20 at 3 (quoting 29 U.S.C. § 255).
[25] *Young v. United States*, 535 U.S. 43, 49 (2002) (internal citations and quotation marks omitted).
[26] *Id.* at 49-50.
[27] *Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (internal quotation marks omitted).
[28] *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504 (3d Cir. 1998).

Here, the FLSA limitations period provides that any action

> may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.[29]

Although the United States Court of Appeals for the Third Circuit has not addressed whether equitable tolling is permissible under the FLSA, GEICO points to no cases within this circuit—and the Court has identified none—that have held, based upon the language of the FLSA, that equitable tolling is not permissible.[30] To the contrary, courts within this circuit routinely apply equitable tolling to FLSA claims.[31] Moreover, at least one court that considered whether equitable tolling is barred by the language of the FLSA has rejected such a contention and held that the language contained therein does not "rebut[] the presumption of tolling on the basis of congressional intent."[32]

The Court agrees that the language of the FLSA does not prohibit the application of equitable tolling. Unlike the statute that the Supreme Court in *United*

---

[29] 29 U.S.C. § 255(a).
[30] Doc. 40 at 2-3.
[31] *See, e.g., Yang v. Somchai & Co. Inc.*, No. 19-CV-12742, 2022 WL 131132, at *4 (D.N.J. Jan. 14, 2022); *Gallagher v. Charter Foods, Inc.*, No. 2:20-CV-00049, 2021 WL 2581153, at *6 (W.D. Pa. June 23, 2021); *Messenger v. Cabot Oil & Gas Corp.*, No. CV 3:19-308, 2021 WL 2530614, at *7 (M.D. Pa. June 21, 2021); *Charles v. Progressions Behav. Health Servs., Inc.*, No. CV 17-2439, 2018 WL 4924169, at *7 (E.D. Pa. Oct. 9, 2018).
[32] *Moreno v. United States*, 88 Fed. Cl. 266, 282 n.22 (2009). *See also Christofferson v. United States*, 64 Fed. Cl. 316, 326 (2005) ("Contrary to defendant's view, the weight of authority favors equitable tolling of FLSA claims").

*States v. Brockamp* found did not permit equitable tolling,[33] here the FLSA tolling statute does not set "forth its time limitations in unusually emphatic form" or "in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions" but, rather, uses "fairly simple language."[34] Nor would reading equitable tolling into the FLSA limitations period "create serious administrative problems" as it would have in *Brockamp*.[35]

Furthermore, although GEICO makes much of the fact that the FLSA statute contains language stating that claims brought outside the limitations period are "forever barred,"[36] the United States Court of Appeals for the Ninth Circuit has examined identical language in a different statute. In *Kwai Fun Wong v. Beebe*,[37] the Ninth Circuit addressed the limitations period contained in the Federal Tort Claims Act, which included language stating that claims not brought within the limitations period were "forever barred;" the Ninth Circuit rejected the Government's argument that such language was "unusually emphatic" and indicated Congressional intent to prohibit equitable tolling.[38] In concluding that equitable tolling was permissible, that court analyzed the history of Congress' use of the term "forever barred" and noted that in numerous "statutes enacted in the mid-twentieth century, Congress included

---

[33] 519 U.S. 347, 350-54 (1997).
[34] *Id.* at 350.
[35] *Id.* at 352.
[36] Doc. 40 at 3 (quoting 29 U.S.C. § 255(a)).
[37] 732 F.3d 1030 (9th Cir. 2013).
[38] *Id.* at 1038.

limitations provisions 'forever barring' untimely claims."[39] The Ninth Circuit concluded that, "[v]iewed against this backdrop, . . . 'forever barred' language appears to be more a vestige of mid-twentieth-century congressional drafting conventions than a 'clear statement' of Congress's intent to include a jurisdictional filing deadline in" those statutes.[40]

The Court agrees, based upon the statutes cited by the Ninth Circuit in *Kwai Fun Wong v. Beebe*, that the language "forever barred" does not indicate Congressional intent to prohibit equitable tolling for the FLSA limitations period.[41] Consequently, the Court concludes that equitable tolling is permissible under the FLSA and will therefore examine Hart's motion on its merits.

C. **Whether Equitable Tolling is Warranted**

Finally then, the Court turns to the merits of Hart's request for equitable tolling. The Third Circuit has observed that "[e]quitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently

---

[39] *Id.* at 1038-39 (brackets omitted).
[40] *Id.* at 1039.
[41] In that vein, the Third Circuit has held that equitable tolling applies to the Federal Tort Claims Act, despite that statute utilizing the same "forever barred" language upon which GEICO relies here. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 194-95 (3d Cir. 2009). *See also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (comparing language "within thirty days an employee may file a civil action" with "[e]very claim shall be barred unless the petition is filed within six years" and concluding "[a]n argument can undoubtedly be made that the latter language is more stringent than the former, but we are not persuaded that the difference between them is enough to manifest a different congressional intent with respect to the availability of equitable tolling" (brackets and ellipses omitted))

inequitable circumstances."[42] Such circumstances often, although not exclusively, occur: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."[43]

At bottom, "a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim."[44] "The principles of equitable tolling thus do not extend to 'garden-variety claims of excusable neglect.'"[45] Accordingly, "[t]he remedy of equitable tolling is extraordinary, and [courts should] extend it 'only sparingly.'"[46]

Despite the sparing use of equitable tolling, "the ultimate question is whether a grant of equitable tolling would be in the interests of justice" and "[m]any courts have applied the doctrine of equitable tolling in FLSA cases . . . where, in accordance with the court's managerial responsibility to oversee the certification process, equitable tolling was necessary despite not fitting squarely into one of the three instances identified by the Third Circuit."[47] Although several courts have determined that equitable tolling is inappropriate based solely on a delay caused by courts in

---

[42] *Santos*, 559 F.3d at 197 (internal quotation marks omitted).
[43] *Id.* (internal quotation marks omitted).
[44] *Id.*
[45] *Id.* (quoting *Irwin,* 498 U.S. at 96).
[46] *Id.* (quoting *Irwin,* 498 U.S. at 96).
[47] *Messenger v. Cabot Oil & Gas Corp.*, No. CV 3:19-308, 2021 WL 2530614, at *6 (M.D. Pa. June 21, 2021) (brackets and internal quotation marks omitted).

ruling on motions to conditionally certify a class, other courts have found that such a delay renders equitable tolling appropriate.[48]

The Court agrees with those courts that have held that judicial delay may be an appropriate basis to equitably toll the FLSA limitations period. Equitable tolling based upon judicial delay is particularly appropriate "in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions under 29 U.S.C. § 216(b)."[49] The prejudice from judicial delay is particularly severe in such a context, as "[p]otential opt-ins stand to forfeit their claims through no fault of their own during the pendency of the stay, and . . . workers whose FLSA rights were violated by Defendants will be unable to join this action as named plaintiffs or opt-in plaintiffs during the stay and therefore will be unable to assert their rights and preserve their FLSA claims."[50]

The unique procedural posture of FLSA actions means that the opt-in plaintiffs could not realistically have learned of the collective action until notices went out—and notices could not go out until the Court granted conditional certification and permitted the issuance of a notice advising the opt-in plaintiffs of their rights under the FLSA to join the action. Until opt-in plaintiffs received those

---

[48] *See Carts v. Wings Over Happy Vally MDF, LLC*, No. 4:17-CV-00915, 2021 WL 1667291, at *6 (M.D. Pa. Apr. 28, 2021) (collecting cases both for and against the proposition that court delay alone may warrant equitable tolling).
[49] *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. CIV.A.8:5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009).
[50] *Id.* at *2.

10

notices, they were prohibited from becoming "a party plaintiff to any such action [until they gave] consent in writing to become such a party and such consent [was] filed in the court in which such action [was] brought."[51] Under such circumstances, the Court simply cannot "conclude[] that 'the delay caused by the time required for a court to rule on a motion'" is attributable to the opt-in plaintiffs.[52]

GEICO nevertheless argues—and many cases hold—that the diligence of the named plaintiff cannot be imputed to opt-in plaintiffs,[53] and therefore equitable tolling should be denied on the ground that the opt-in plaintiffs have not demonstrated due diligence.[54] The Court disagrees with these cases, and instead agrees with the numerous cases that have held that the diligence of named plaintiffs is sufficient to warrant equitable tolling for opt-in plaintiffs.[55]

That conclusion flows from the recognition that the "benefits . . . [of a collective action] depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed

---

[51] 29 U.S.C. § 216(b).
[52] *Charles v. Progressions Behav. Health Servs., Inc.*, No. CV 17-2439, 2018 WL 4924169, at *6 (E.D. Pa. Oct. 9, 2018) (quoting *Yahraes v. Rest. Assocs. Events Corp.*, Civ. A. No. 10-935, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011)).
[53] *See McDermott v. Fed. Sav. Bank*, No. CV146657JMAGRB, 2018 WL 6718599, at *4-5 (E.D.N.Y. Sept. 28, 2018) (collecting cases that hold diligence of named plaintiff(s) may not be imputed to opt-in plaintiffs, and denying equitable tolling on that ground).
[54] Doc. 40 at 4-5.
[55] *See, e.g., Depalma v. Scotts Co. LLC*, No. CV137740KMJAD, 2017 WL 1243134, at *6 (D.N.J. Jan. 20, 2017) ("I would decline to do a plaintiff-by-plaintiff equitable tolling analysis as to the 5 pre-notice opt-ins or the 101 post-notice opt-ins. The disparity between those numbers suggests that notice was both desirable and efficacious. And the response to the notice confirms the benefits and efficiencies of collective action under FLSA, which I am reluctant to undermine by putting the burden on potential class members to act individually").

decisions about whether to participate."[56] This of course anticipates that individuals will necessarily not know of such an action prior to receiving notice. It would be odd—and in some ways patently unfair—to require that individual plaintiffs actively pursue their own litigation to warrant equitable tolling in a class action. This would effectively eliminate the FLSA class action as a valid litigation tool for a great number of individuals. Moreover, equitable tolling would be rendered worthless for FLSA class actions—there would be no point to an FLSA class action for those who have already filed an individual action—and requiring individual action would effectively read equitable tolling out of the FLSA, contrary to case law discussed above that demands such an equitable exception to the FLSA limitations period.

Turning then Hart's conduct in bringing suit, there is no indication, or argument from GEICO, that she has been dilatory in bringing this action. Rather, Hart appears to have both diligently brought her action and diligently filed a motion to conditionally certify the class. She was also diligent in filing a motion for equitable tolling, having filed the motion less than one month after this Court conditionally certified the proposed class in this matter.[57]

Because Plaintiffs have diligently pursued their rights and were impeded by external factors beyond their control, the Court concludes that equitable tolling is

---

[56] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).
[57] Furthermore, the Court concludes that GEICO would not be prejudiced be equitable tolling here, as they had notice of the claims at issue—and the fact that Hart would pursue a class action—when she filed her complaint in May 2021.

appropriate. The only remaining question therefore is the duration of that tolling. Although Hart requests that equitable tolling apply from the date that she filed her motion for conditional class certification, the Court finds the date that briefing concluded to be a more appropriate date to utilize, as no delays that may have occurred before that date may be said to have been caused by judicial delay in ruling on the motion for conditional class certification. Consequently, the Court will equitably toll the limitations period for all class members from August 24, 2021, until May 27, 2022.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that equitable tolling is appropriate. Consequently, Hart's motion for equitable tolling will be granted, and the limitations period will be tolled from August 24, 2021, until May 27, 2022.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge