IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN OLIVIA HART, *et al.*, | No. 4:21-CV-00859 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY *d/b/a Geico*, | |
| Defendant. | |

MEMORANDUM OPINION

APRIL 20, 2023

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs commenced this civil action by filing a Complaint on May 12, 2021, alleging both class-action and collective-action claims under federal and state labor law.[1] Plaintiffs filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23 on March 13, 2023, which they acknowledge was filed beyond the ninety-day deadline set by Rule 23.3 of the Local Rules of this Court.[2] Plaintiffs now move for an extension of the deadline for their motion for class certification. For the following reasons, the Court grants their motion.

---

[1]   *See* Compl., Doc. 1.
[2]   *See* Mot. for Class Cert., Doc. 93; Mot. for Ext. Br., Doc. 105 at 2.

## II.     DISCUSSION

Federal Rule of Civil Procedure 6(b)(1)(B) authorizes the Court to, "for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiffs argue that they have demonstrated the excusable neglect and good cause necessary to grant an extension. In determining whether a party has demonstrated excusable neglect, the Court must consider the following five factors: (1) "whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure"; (2) "whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court"; (3) "counsel's failure to provide for a readily foreseeable consequence"; (4) "a complete lack of diligence"; or (5) "whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance."[3]

The Supreme Court of the United States has explained that the "excusable neglect" inquiry is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission," including, "the danger of prejudice to the [other party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[4]

---

[3]  *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988).
[4]  *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (alterations in original).

Plaintiffs submit that they would not have been prepared to pursue their class claims by the initial deadline because they were without the benefit of information uncovered in discovery on Plaintiffs' other claims. The Court notes that the United States Court of Appeals for the Third Circuit has observed tension between Local Rule 23.3's ninety-day deadline and Federal Rule of Civil Procedure 23(c)(1)(A)'s requirement that parties to "present the court with sufficient information to support an informed decision on certification."[5] As "[p]arties need sufficient time to develop an adequate record," a deadline on motions for certification may unduly rush the resolution of "sufficient time to develop an adequate record."[6] That said, the Court also notes that Local Rule 23.3 provides that the ninety-day period may be extended for good cause shown.

In any event, the Court concludes that Plaintiffs have sufficiently demonstrated excusable neglect. GEICO has been on notice that Plaintiffs intended to move for class certification through their filings. Even if it was not, Plaintiff's state-law wage claims rest on facts similar to those that underly their FLSA claims. Therefore, GEICO will not be substantially prejudiced by the extension. Additionally, there is no indication that Plaintiffs acted in bad faith, but the Court will take this opportunity to remind all counsel of the importance of reading the

---

[5] *Richardson v. Bledsoe*, 829 F.3d 273, 284 (3d Cir. 2016) (quoting Ann. Manual Complex Lit. § 21.133 (4th ed.)).
[6] *Id.*

3

Court's Local Rules. If GEICO believes additional discovery is necessary, it may raise that issue with the Court through a separate motion.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge