# Exhibit 2

## SWORN DECLARATION OF GREGG C. GREENBERG

1.   I, Gregg C. Greenberg, am over the age of eighteen (18), of sound mind, and do hereby testify under the penalties of perjury from my personal first-hand knowledge.

2.   I performed substantial legal services as lead Plaintiff-side counsel on the following matters:

    a.   *Erford v. Government Employees Insurance Company*, United States District Court for the Eastern District of North Carolina, Civil No. 5:21-cv-00314-M. ("the *Erford* Matter");

    b.   *Hart v. Government Employees Insurance Company*, United States District Court for the Middle District of Pennsylvania, Civil No. 4:21-cv-00859-MWB. ("the *Hart* Matter");

    c.   *Russo v. Government Employees Insurance Company*, United States District Court for the District of New Jersey, Civil No. 2:21-cv-17234-MEF-JBC. ("the *Russo* Matter");

    d.   *Schwarzmann v. Government Employees Insurance Company*, United States District Court for the Northern District of Ohio, Civil No. 1:21-cv-02270-PAB. ("the *Schwarzmann* Matter"); and

    e.   *Zambito v. Government Employees Insurance Company*, United States District Court for the Middle District of Florida, Civil No. 8:21-cv-02223-MSS-SPF. ("the *Zambito* Matter").

(Collectively, "the five (5) settled matters").

3.   I submit this declaration in support of the reasonableness of the allocation of the attorney's fees and costs arising from the final resolution of the settlement of the five (5) settled matters.

4.   I received my undergraduate degree from Indiana University in 2004 and my law degree from the University of Detroit Mercy School of Law in May 2007.

5.   I am licensed to practice law in Federal and State courts in Maryland, Virginia, and the District of Columbia as well as the Fourth Circuit Court of Appeals and the United States Supreme Court.

6.     Every year since 2014, I have been nominated by my peers as a Super Lawyer in Maryland and in the District of Columbia in the practice area of Employment Litigation for Plaintiffs.

7.     I am the Vice President of the Maryland Employment Lawyers Association, the immediate Past President of the Employment Section of the Bar Association for Montgomery County, Maryland, and an active member of the National Employment Lawyers Association and the Metropolitan Washington Employment Lawyers Association.

8.     Since about April 2014, I have been a named Partner with the Silver Spring, Maryland, law firm, Zipin, Amster & Greenberg, LLC ("ZAG").

9.     For the entirety of my career, I have concentrated my law practice on representing individuals and classes of individuals prosecuting State and Federal claims for recovery of unpaid wages and damages.

10.     I regularly present at CLEs and similar forums on best practices relating to Federal and State wage and hour litigation, including the annual CLE hosted by the District of Columbia Bar Association, titled "Nuts and Bolts of Wage & Hour Law."

11.     I customarily charge clients paying Zipin, Amster & Greenberg, LLC, for my legal services at the rate of $425.00 per hour.

12.     Also performing substantial attorney billing activity on behalf of ZAG related to the prosecution and resolution of the five (5) settled matters were two ZAG associate attorneys, Thomas Eiler and James Miller.

13.     Mr. Eiler joined ZAG in or about September 2022. Mr. Eiler received his undergraduate degree from Washington State University in 2017 and his law degree from the American University Washington College of Law in 2020. ZAG customarily charges clients paying Mr. Eiler for legal services at the rate of $325.00 per hour.

14.     Mr. Miller received his undergraduate degree from the United States Coast Guard Academy in 2004, his master's degree in information technology from Harvard University Extension School in 2011, and his law degree from the University of Maryland Francis King Carey School of Law in 2014. Mr. Miller left ZAG on amicable terms in September 2022. The final rate Zipin, Amster & Greenberg, LLC, customarily charged clients paying Mr. Miller for legal services was at the rate of $325.00 per hour.

15.     I have personally reviewed ZAG contemporaneous billing and cost records for ZAG and the true and correct lodestar (customary billing rate(s) * hours worked) and out-of-pocket costs incurred by billing attorneys on behalf of ZAG related to the prosecution of the five (5) settled matters are as follows:

    a.   The *Erford* Matter:

        i.  Total billed attorney's fees:  $30,542.00;
       ii.  Total out-of-pocket litigation expenses:  $3,175.00.

    b.   The *Hart* Matter:

        i.  Total billed attorney's fees:  $239,720.00;
       ii.  Total out-of-pocket litigation expenses:  $34,832.00.

    c.   The *Russo* Matter:

        i.  Total billed attorney's fees:  $67,050.00;
       ii.  Total out-of-pocket litigation expenses:  $15,950.00.

    d.   The *Schwarzmann* Matter:

        i.  Total billed attorney's fees:  $36,230.50;
       ii.  Total out-of-pocket litigation expenses:  $5,250.00.

    e.   The *Zambito* Matter:

        i.  Total billed attorney's fees:  $54,772.00;
       ii.  Total out-of-pocket litigation expenses:  $7,105.00.

14.    Throughout the litigation of the *Hart* Matter, attorney Zachary E. Nahass, Co-Chair of the Litigation Law Group with the CGA Law Firm in York, Pennsylvania ("CGA"), served as local counsel assisting ZAG.  In this capacity, Mr. Nahass, on behalf of CGA, incurred attorney's fees to the prosecution and resolution of the *Hart* Matter at Mr. Nahass' customary billing rate in the amount of $6,987.50.

15,    Throughout the litigation of the *Erford* Matter, attorney Joseph L. Ledford, the sole member of the Law Office of Joseph L. Ledford in Charlotte, North Carolina ("JLL"), served as local counsel assisting ZAG.  In this capacity, Mr. Ledford, on behalf of the JLL, incurred attorney's fees to the prosecution and resolution of the *Erford* Matter at Mr. Ledford's customary billing rate in the amount of $3,750.00.

16.    Throughout the litigation of the *Schwarzmann* Matter, Scott Perlmuter, Named Partner with the law firm Tittle & Perlmuter in Cleveland, Ohio ("TP"), served as local counsel assisting ZAG.  In this capacity, Mr. Perlmuter, on behalf of TP, incurred attorney's fees devoted to the prosecution and resolution of the *Schwarzmann* Matter at Mr. Perlmuter's customary billing rate in the amount of $6,187.50.

17.   Throughout the litigation of the *Russo* Matter, Andrew I. Glenn and Jodi Jaffe, Named Partners with the Jaffe Glenn Law Group in Princeton, New Jersey and New York, New York ("JGLG"), served as local counsel assisting ZAG. In this capacity, attorneys Glenn and Jaffee, on behalf of JGLG, incurred attorney's fees devoted to the prosecution and resolution of the *Russo* Matter at their customary billing rate in the amount of $11,000.00.

18.   Throughout the litigation of the *Zambito* Matter, Charlotte Fernee Kelly, the sole member of the Fernee Kelly Law Firm in Tampa, Florida ("FKLF"), served as local counsel assisting ZAG. In this capacity, Ms. Kelly, on behalf of FKLF, incurred attorney's fees devoted to the prosecution and resolution of the *Zambito* Matter at her customary billing rate in the amount of $10,818.50, and out-of-pocket litigation expenses in the amount of $468.95.

19.   Throughout the litigation of the *Zambito* Matter, James C. Poindexter, Thomas A. Delegal, III, and Alexandra Elizabeth Underkofler, attorneys on behalf of the law firm Delegal & Poindexter in Jacksonville, Florida ("DP"), served as local counsel assisting ZAG. In this capacity, attorneys Poindexter, Delegal, and Underkofler, on behalf of DP, incurred attorney's fees devoted to the prosecution and resolution of the *Zambito* Matter at their customary billing rates in the amount of $6,260.50.

20.   Prior to the filing of the *Zambito* Matter, attorneys on behalf of Shavitz Law Group, with offices in Boca Raton, Florida, and New York, New York ("SLG"), and Schneider Wallace Cottrell Konecky with offices in Emeryville, California, Los Angeles, California, Houston, Texas, San Juan, Puerto Rico, and Charlotte, North Carolina ("SWCK"),, filed related claims in the United States District Court for the Middle District of Florida styled *Delcham v. Government Employees Insurance Company, Inc.* – Case No.: 6:21-cv-01505 and *Delcham v. Government Employees Insurance Company, Inc.* – Case No.: 6:21-cv-01204. These matters were voluntarily closed and the plaintiffs in these matters joined the related *Zambito* Matter.

21.   The time and expenses incurred by the SLG and SWCK in the previously closed *Delcham* matters substantially advanced the prosecution and resolution of the *Zambito* Matter sufficiently such that the SLG and SWCK are rightfully entitled to recovery of attorney's fees and costs related to the prosecution and resolution of the *Zambito* Matter.

22.   Attorneys on behalf of SLG incurred attorney's fees devoted to the closed *Delcham* matters and in the ultimate aid of prosecution and resolution of the *Zambito* Matter at their customary billing rates in the amount of $40,870.00, and out-of-pocket expenses in the amount of $682.00.

23. Attorneys on behalf of SWCK incurred attorney's fees devoted to the closed *Delcham* matters and in the ultimate aid of prosecution and resolution of the *Zambito* Matter at their customary billing rates in the amount of $15,869.50, and out-of-pocket expenses in the amount of $543.40.

24. I have personally reviewed billing and out-of-pocket expense records recorded by each local counsel law firm assisting ZAG with the prosecution and resolution of the five (5) settled matters and the records provided are consistent with the representations in this declaration.

25. Through arms-length negotiation, the *Zambito* Matter settled in the total amount of $242,000.00, of which (i) $195,000.00 is allocated to payment of back wages and damages to Plaintiffs, directly; (ii) $8,795.00 is allocated to reimbursement of attorney out-of-pocket litigation expenses; and (iii) $38,205.00 is allocated to the payment of attorney's fees.

26. The allocation of attorney's fees and costs agreed to between the law firms assisting in the prosecution and resolution of the *Zambito* Matter is as follows: (i) ZAG - $15,000.00; (ii) FKLF - $11,500.00; (iii) DP - $6,000.00; and (iv) SLG & SWCK (to self-divide) - $14,500.00.

27. Through arms-length negotiation, the *Hart* Matter settled in the total amount of $328,000.00, of which $135,000.00 is allocated to payment of back wages and damages to Plaintiffs, directly; (ii) $34,832.00 is allocated to reimbursement of attorney out-of-pocket litigation expenses; and (iii) $158,168.00 is allocated to the payment of attorney's fees.

28. The allocation of attorney's fees and costs agreed to between the law firms assisting in the prosecution and resolution of the *Hart* Matter is as follows: (i) ZAG - $186,000.00 and (ii) CGA - $7,000.00.

29. Through arms-length negotiation, the *Erford* Matter settled in the total amount of $57,500.00, of which $37,500.00 is allocated to payment of back wages and damages to Plaintiffs, directly; (ii) $3,175.00 is allocated to reimbursement of attorney out-of-pocket litigation expenses; and (iii) $16,825.00 is allocated to the payment of attorney's fees.

30. The allocation of attorney's fees and costs agreed to between the law firms assisting in the prosecution and resolution of the *Erford* Matter is as follows: (i) ZAG - $17,500.00 and (ii) the JLL - $2,500.00.

31. Through an arms-length agreement, the *Russo* Matter settled in the total amount of $104,500.00, of which (i) $27,000.00 is allocated to payment of back wages and damages to Plaintiffs, directly; (ii) $15,950.00 is allocated to reimbursement of attorney out-of-pocket expenses; and (iii) $61,550.00 is allocated to the payment of attorney's fees.

32.  The allocation of attorney's fees and costs agreed to between the law firms assisting in the prosecution and resolution of the *Russo* Matter is as follows: (i) ZAG - $66,500.00 and (ii) JGLG - $11,000.00.

33.  Through an arms-length agreement, the *Schwarzmann* Matter settled in the total amount of $73,000.00, of which (i) $48,000.00 is allocated to payment of back wages and damages to Plaintiffs, directly; (ii) $5,250.00 is allocated to reimbursement of attorney out-of-pocket expenses; and (iii) $19,750.00 is allocated to payment of attorney's fees.

34.  The allocation of attorney's fees and costs agreed to between the law firms assisting in the prosecution and resolution of the *Schwarzmann* Matter is as follows: (i) ZAG - $19,000.00 and (ii) TP - $6,000.00.

35.  In reaching the final resolution of the *Erford* Matter, in the exercise of billing discretion and to ensure that each Plaintiff recovered a fair and reasonable recovery of his or her individual claim, ZAG and JLL accepted attorney's fees representing approximately a 51% reduction from ZAG and JLL's lodestar billing related to the prosecution and resolution of the *Erford* Matter.

36.  In reaching the final resolution of the *Hart* Matter, in the exercise of billing discretion and to ensure that each Plaintiff recovered a fair and reasonable recovery of his or her individual claim, ZAG and CGA accepted attorney's fees representing approximately a 36% reduction from ZAG and CGA's lodestar billing related to the prosecution and resolution of the *Hart* Matter.

37.  In reaching the final resolution of the *Russo* Matter, in the exercise of billing discretion and to ensure that each Plaintiff recovered a fair and reasonable recovery of his or her individual claim, ZAG and JGLG accepted attorney's fees representing approximately a 21% reduction from ZAG and JGLG's lodestar billing related to the prosecution and resolution of the *Russo* Matter.

38.  In reaching the final resolution of the *Schwarzmann* Matter, in the exercise of billing discretion and to ensure that each Plaintiff recovered a fair and reasonable recovery of his or her individual claim, ZAG and TP accepted attorney's fees representing approximately a 53% reduction from ZAG and TP's lodestar billing related to the prosecution and resolution of the *Schwarzmann* Matter.

39.  In reaching the final resolution of the *Zambito* Matter, in the exercise of billing discretion and to ensure that each Plaintiff recovered a fair and reasonable recovery of his or her individual claim, ZAG, FKLF, DP, SLG, and SWCK accepted attorney's fees representing approximately a 70% reduction from ZAG, FKLF, DP, SLG, and SWCK's lodestar billing related to the prosecution and resolution of the *Zambito* Matter.

40.     ZAG and all local counsel assisting with the prosecution and resolution of the five (5) settled matters agreed to represent the Plaintiffs in the five (5) settled matters on a contingency basis.  As such, ZAG nor any local counsel assisting with the prosecution and resolution of the five (5) settled matters has never charged any of the Plaintiffs any money for representation but promised to accept payment of attorney's fees only if successful in the litigation.

41.     Throughout the multi-year litigation of the five (5) settled matters, ZAG and all local counsel assisting with the prosecution and resolution of the five (5) settled matters have expended numerous of hours of professional time in pursuit and prosecution of Plaintiffs' claims.  This effort caused ZAG and all local counsel assisting with the prosecution and resolution of the five (5) settled matters to suffer significant opportunity costs because of each law firm's attention to the litigation of the five (5) settled matters and limited each firm's resources and/or availability for other pending and potential litigation matters.

42.     Based on my personal knowledge and experience, the attorney's fees and costs allocated to ZAG and all local counsel arising from the final resolution of the five (5) settled matters are those that I, in the exercise of my billing judgment, find as fair and reasonably necessary to prosecution and resolution of the five (5) settled matters.

**I AFFIRM UNDER THE PENALTIES OF PERJURY THAT ALL FACTS AND REPRESENTATIONS SET FORTH IN THIS DECLARATION ARE TRUE AND CORRECT FROM MY PERSONAL FIRST-HAND KNOWLEDGE.**

Dated: June 21, 2023                          _/s/  Gregg C. Greenberg_____
                                                          Gregg C. Greenberg